CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 22 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:20-cr-6 |
| v. | ) | |
| | ) | |
| ANTONIO LAMONT JONES, | ) | By: Michael F. Urbanski, |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on the applicability of the Armed Career Criminal Act ("ACCA") to defendant Antonio Lamont Jones's sentencing. Jones argues the Virginia drug schedules are broader than the federal drug schedules. As such, his three prior state cocaine convictions do not qualify as predicate offenses under the ACCA. The government opposes, contending that because cocaine is a drug identified in both the state and federal drug schedules, Jones's state cocaine convictions qualify as predicate offenses under the ACCA. For the reasons stated below, the court finds the ACCA applies to Jones's three prior Virginia cocaine convictions.

### I.

On May 9, 2012, Jones was arrested in Danville, Virginia, on three charges of selling cocaine, in violation of Virginia Code § 18.2-248. Jones was sentenced to ten years of incarceration with eight years suspended on Count I; ten years of incarceration with eight years suspended on Count II; and ten years of incarceration with eight years and eight months suspended on Count III. Each sentence was to run consecutively. Jones was also placed on

1

supervised probation for eighteen months. On several occasions between 2018 and 2019, Jones violated the terms of his supervised probation and became a fugitive.[1]

On November 20, 2019, Jones was seen in a grocery store by an off-duty police officer who knew of Jones's wanted status. The officer called for on-duty assistance to arrest Jones. After a brief foot chase, Jones was apprehended. At this time, the officers found heroin and a pistol on Jones's person. This encounter led to the instant charges.

On January 3, 2020, Jones was charged in a three-count indictment, alleging (1) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On September 25, 2020, Jones entered into a plea agreement, stipulating the dismissal of Count Two and pleading guilty to Counts One and Three. As to Count Three, Jones is subject to a mandatory minimum of fifteen (15) years and up to life imprisonment under the ACCA. Without the ACCA enhancement, Jones's statutory maximum sentence is twenty (20) years on Count One and ten (10) years on Count Three.

Jones argues that the Virginia drug scheduling statute is broader than the federal drug scheduling statute, which prevents his Virginia cocaine convictions from qualifying as predicate offenses under the ACCA. The government opposes, asserting that because cocaine is identified under both the Virginia and federal drug statutes, Jones's cocaine convictions are

---

[1] The three counts of conviction arose from crack cocaine sales on February 24, 2011, March 18, 2011, and March 22, 2011. As such, the resulting convictions were for "serious drug offense[s] . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

ACCA predicate offenses. The court heard argument on April 27, 2021, and the matters are ripe for resolution.

**II.**

The ACCA increases a federal defendant's sentence to a mandatory minimum of fifteen years if they have three prior state or federal convictions of a "serious drug offense." See 18 U.S.C. § 924(e). In relevant part, a "serious drug offense" is defined as:

> [A]n offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(ii). Section 802 defines a controlled substance as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6).

To determine whether a defendant's prior convictions qualify as ACCA predicate offenses, courts use either the categorical or modified categorical approach. The modified categorical approach is used only when a statute is divisible. See Mathis v. United States, 136 S. Ct. 2243, 2249 (2016); Descamps v. United States, 570 U.S. 254, 257-58 (2013); Bah v. Barr, 950 F.3d 203, 206 (4th Cir. 2020). A statute is divisible if it has "alternative elements" or "alternative versions of the crime[.]" United States v. Vanoy, 957 F.3d 865, 867 (8th Cir. 2020) (citing Descamps, 570 U.S. at 261-62). Under this approach, courts are permitted to inspect Shepard documents to determine which crime and what elements "formed the basis of the

defendant's prior conviction."[2] Descamps, 570 U.S. at 258. The Fourth Circuit has ruled that Virginia Code § 18.2-248 is divisible by substance. Cucalon v. Barr, 958 F.3d 245, 248, 253 (4th Cir. 2020). As such, the modified categorical approach applies here.

### III.

Under the modified categorical approach, to determine whether the ACCA applies to Jones's prior state cocaine convictions, the court must compare the language of the Virginia controlled substances statute to the federal controlled substances statute. Plainly, the ACCA only applies if the state statute in question is as narrow as or narrower than the federal statute.

Virginia Code § 18.2-248(A) prohibits "manufactur[ing], sell[ing], giv[ing], [or] distribut[ing] . . . controlled substances . . . ." Virginia lists controlled substances in § 54.1-3448. In pertinent part, Virginia Code § 54.1-3448 lists the following as Schedule II controlled substances:

> Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine; cocaine or any salt or isomer thereof.

Va. Code § 54.1-3448.

There are five federally established schedules of controlled substances, which are found in 21 U.S.C. § 812. In relevant part, the statute prohibits the manufacturing, distributing, or possession of:

---

[2] In Shepard v. United States, 544 U.S. 13, 26 (2005), the Supreme Court held that a sentencing court may only look to specific documents, such as charging documents, plea agreements, plea colloquies, and jury instructions, to determine whether a prior conviction under a state statute is encompassed within a broader, federal statute, qualifying the conviction as a predicate offense under the ACCA.

4

> [C]oca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph.

21 U.S.C. § 812(c)(II)(a)(4).

Jones makes several arguments regarding the inapplicability of the ACCA to his prior cocaine offenses, alleging (1) the divisible Virginia statute is broader than the federal statute because Virginia prohibits all cocaine isomers while the federal statute only prohibits optical and geometric cocaine isomers; and (2) the court is not bound by the Fourth Circuit dicta in Cucalon addressing the isomer discrepancy between the Virginia and federal statutes. Jones argues that Virginia Code § 54.1-3448 is divided into two substances separated by a semicolon. The first substance is "coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine." The second substance is "cocaine or any salt or isomer thereof." Because Cucalon does not address "whether all of these cocaine-related things are further divisible into the salts of cocaine, the isomers of cocaine, compounds of cocaine, etc." and each of these substances prohibits a larger array of cocaine isomers than the federal statute, Jones argues the Virginia statute is too broad to qualify as a predicate offense under the ACCA. ECF No. 64 at 4.

In sum, Jones points to three distinguishing factors which allegedly permit the court to deviate from the Cucalon decision: "(1) [there was] no argument about what the relevant

5

'substance' [was in Cucalon]; (2) the argument that the differing isomers was relevant to even a divisible drug statute was only raised in the reply brief . . .[3]; and (3) the relevant cocaine-related 'substance' the Fourth Circuit was considering in Cucalon was 'cocaine, or an isomer thereof.'" ECF No. 64 at 6. The court disagrees and finds that Cucalon forecloses Jones's arguments.

In Cucalon, Gustavo Cucalon, a citizen of Nicaragua, petitioned his removal order issued by the Board of Immigration Appeals ("BIA"). The BIA ruled that Cucalon's 2006 cocaine conviction, in violation of Virginia Code § 18.2-248(D), allowed for his removal as an alien convicted of a crime "relating to a controlled substance." See 8 U.S.C. §§ 1227(a)(2)(A)(iii). Cucalon argued that because Virginia prohibits a broader category of substances than the federal statute, his conviction could not qualify as "relating to a controlled substance" under the Immigration and Nationality Act ("INA").

On brief, Cucalon argued that the Virginia statute was indivisible and overbroad because it prohibits optical, geometric, and positional cocaine isomers while the federal statute only prohibits optical and geometric cocaine isomers. Pet'r Br. at 33-41. The government disagreed, contending that (1) all relevant references to the Virginia statute do not reference positional isomers; (2) the only reference to positional isomers occurs in a different drug schedule than cocaine's drug schedule, and the separate section specifies positional isomers are included in the meaning of isomers "for purposes of this subdivision only[]"; (3) because Cucalon did not properly raise this isomer argument before the Immigration Board, the Fourth

---

[3] Generally, the Fourth Circuit does not consider arguments that are first introduced in reply briefs as they are not properly raised. See, e.g., United States v. Alston, 722 F.3d 603, 606 n.4 (4th Cir. 2013); United States v. Al-Hamdi, 356 F.3d 564, 571 (4th Cir. 2004).

6

Circuit should not now decide the issue; and (4) Cucalon has not shown a realistic probability that Virginia prosecuted his case as a positional cocaine isomer.[4] Resp't Resp. Br. at 27-31. In response, Cucalon asserted that even if the Virginia statute is divisible, (1) Virginia still criminalizes a broader category of isomers than federal law, which makes the state statute overbroad under the INA; and (2) the Shepard documents do not support Cucalon's removal because the indictment "does not narrow the conviction to federal controlled substances (cocaine and its optical and geometric isomers), and leaves open the possibility that Mr. Cucalon possessed a positional isomer of cocaine, which is controlled by Virginia but not federal law." Pet'r Reply Br. at 11-14.

The Fourth Circuit rejected Cucalon's argument, first holding that Virginia Code § 18.2-248 is divisible by substance. Cucalon, 958 F.3d at 251 (citing Mathis, 136 S. Ct. at 2257). The Fourth Circuit then rejected Cucalon's isomer argument on procedural grounds but noted that "even if not waived, we agree with the BIA that these arguments and additional evidence would not change our conclusions that Virginia Code § 18.2-248 is divisible by substance and, therefore, is subject to examination under the modified categorical approach." Id. at 254.

Although the Cucalon court did not address the merits of the isomer argument, its decision is still instructive. Because the Cucalon court found the Virginia statute to be divisible by substance, the modified categorical approach applies. As such, the sole inquiry of the court is to determine whether Jones's Shepard documents from his state convictions identify a substance also listed under the federal statute. Specifically, the court must look to see if cocaine

---

[4] In Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007), the Court held that in order to show a state statute creates a crime outside of the federal statute, a realistic probability is required . . . "that the State would apply its statute to conduct that falls outside the generic definition of a crime."

7

is identified under both the Virginia and federal statutes. Jones's arguments distinguishing this case from Cucalon require the court to exceed the necessary bounds of the appropriate inquiry needed to reach resolution. Therefore, Jones's arguments regarding overbroad isomers are immaterial in this case.

Moreover, Jones's assertions hinge on a misinterpretation of the Virginia statute. While Virginia Code § 54.1-3448 lists prohibited substances, it does not define them. Jones's Shepard documents show his state convictions are for possessing with intent to distribute and "sell[ing] cocaine." ECF Nos. 45-1, 45-2. Jones was not convicted of selling cocaine isomers. Rather, his Shepard documents identify cocaine. Cocaine is listed under both the state and federal statutes. Since Jones was not convicted of a cocaine isomer charge, the overbroad isomer argument is one of "legal imagination." See United States v. Battle, 927 F.3d 160, 164 (4th Cir. 2019) (stating that legal imagination is not enough to sustain a showing of overbreadth and a defendant must show a realistic probability, not a theoretical probability of a state "actually prosecut[ing] the relevant offense").

Accordingly, because cocaine is listed under both the federal and state controlled substances statutes, Jones's Virginia convictions are not broader than federal law. See United States v. Currence, No. 20-7648, at *3 (4th Cir. June 8, 2021) (affirming district court decision to treat prior Virginia convictions as "controlled substance offenses" under the career offender guidelines); United States v. Ward, 972 F.3d 364, 377 (4th Cir. 2020) (Gregory, J., concurring) ("Because our precedent tells us Virginia Code § 18.2-248 is divisible by substance, we look to the Shepard documents to determine that Ward was convicted of a felony heroin offense under the statute as an adult. Since heroin is also a substance controlled under federal law,

Ward's conviction satisfies the modified categorical inquiry. Case closed.")[5]; see also Vanoy, 957 F.3d at 868 (holding that "Vanoy's certified convictions [under Virginia Code § 18.2-248] are for 'possession of cocaine with intent to distribute.' As a result, his Virginia convictions are not broader than federal law and are serious drug offenses."). As such, Jones's three prior cocaine convictions are serious drug offenses and qualify as predicate offenses under the ACCA.

## IV.

For these reasons, the court finds that Jones's three prior cocaine convictions under Virginia Code § 18.2-248 are serious drug offenses and qualify as predicate offenses pursuant to the ACCA. The parties are **DIRECTED** to confer with the Clerk of the court to set a date for sentencing.

An appropriate order will be entered.

Entered: June 22, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.06.22 09:03:13 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[5] Although it does not diminish the applicability of the rationale to this case, Currence applies Virginia convictions to the federal sentencing guidelines rather than a federal statute, and Ward applies the categorical approach to the guidelines. However, "[i]t is true that . . . [prior cases] addressed the Virginia drug statute in the context of [a federal statute], not the Guidelines. But that only changes what we are comparing the divisible statute against—it does not change the divisibility of the statute. Since we are starting with a divisible statute, our analysis calls for the modified categorical approach." United States v. Ward, 972 F.3d 364, 377 (4th Cir. 2020) (Gregory, J., concurring).